James F. Halley, OSB 91175
JAMES F. HALLEY, P.C.
The Strowbridge Building
735 SW First Ave., 2nd Floor
Portland, OR 97204
503/295-0301; 503/228-6551 (fax)
jimhalley@halleylaw.com

Attorney for Defendant Wesley Kjar

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>WESLEY KJAR,<br><br>    Defendant | No  3:16-cr-00051-18-BR<br><br>DEFENDANT WESLEY KJAR'S SENTENCING MEMO |

I.  INTRODUCTION.

    Wesley Kjar is set to be sentenced on November 22, 2017 at 9:00 a.m. on his conviction for conspiring to impede federal officers in relation to the occupation of the Malheur National Wildlife Refuge (MNWR).  For the following reasons, he asks that the court impose two years of probation, two months of home detention, and restitution of $3,000.00 to be paid in installments of at least $200.00 month.  Mr. Kjar has already paid the $100.00 fee assessment.

II.  OFFENSE CONDUCT.

    This is one of many cases arising from the occupation of the MNWR in the winter of 2016.  Mr. Kjar was one of the least involved defendants.  He arrived at the MNWR on January 4, 2016 and left in the company of Todd MacFarlane on January 9, 2016, staying for only five days.  He left because he did not agree with the direction the

PAGE 1 – DEFENDANT WESLEY KJAR'S SENTENCING MEMORANDUM
h:\kjar, wesley - 1285\sentencing memo.docx  11/15/2017

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. • 735 S.W. First Ave, 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com

occupation appeared to be going, and he wanted to bring the occupation to a peaceful end.  With Mr. MacFarlane, Jon Pratt and Steve Maxfield, Wes drove to the LDS Church headquarters in Salt Lake City to seek the help of church leaders to bring the occupation to an end.  When that effort failed, Wes went home.  He only returned to the MNWR to retrieve his Jeep, the tags of which had expired.  He applied the tags and left.  After leaving the refuge, Wes continued to counsel a peaceful resolution, in particular at Lavoy Finnicum's funeral.

Wesley is a young man of good character.  He is a hard worker and generous soul.  He was a Utah state champion wrestler in high school, and has since found good work in the oil fields.  He has no convictions.  He went to the refuge to explore a political protest, and left when he determined it was headed in a direction he could not support.  At no time did he declare that he intended to harm anyone, and at no time did he damage any property.

He was one of the very first to resolve his case, entering a plea on June 23, 2016.  The government presented the offer as one being made only to those whom the government viewed as the least involved.  The offer was presented on a short time line, and with the express understanding that the government would not make misdemeanor offers to any defendant at any time in the case.

## IV.  ADVISORY SENTENCING GUIDELINE CALCULATION.

The 2016 version of the guidelines applies since the 2017 revisions have not yet become effective, and no changes were made in the guidelines that affect this case between the 2015 and 2016 version.

The sentencing guidelines are to provide a starting point or initial benchmark, but they are only one factor among the many 18 U.S.C. §3553(a) factors to be considered.  *United States v. Carty*, 520 F.3d 984, 990 - 91 (9th Cir. 2008).

The parties anticipate that base offense level is 10 pursuant to U.S.S.G. §§2X1.1(a) (Conspiracy) and 2A2.4(a) (Obstructing or Impeding Officers).  Because a

PAGE 2 – DEFENDANT WESLEY KJAR'S SENTENCING MEMORANDUM
h:\kjar, wesley - 1285\sentencing memo.docx  11/15/2017

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com

dangerous weapon was possessed and its use was threatened during the course of the conspiracy, a 3 level upward adjustment applies under USSG § 2A2.4(b)(1)(B) and U.S.S.G. §1B1.3(a)(1)(B).  For acceptance of responsibility, a 2 level downward adjustment applies under U.S.S.G. §3E1.1.  Because the offense was calculated to influence or affect the conduct of government by intimidation or coercion, a 3 level upward departure applies pursuant to Application Note 4 to U.S.S.G. §3A1.4.  Finally, for early disposition, a 4 level downward variance applies under 18 U.S.C. §3553(a), producing a net offense level of 10.  In criminal history category I, Mr. Kjar is in Zone B and a range of 6 – 12 months.  The prosecution has agreed to recommend a sentence at the low end, and the Presentence Report (PSR) recommends three years of probation with six months of home detention.

V.  DISPUTED ISSUES TO BE RESOLVED.

     Defendant Kjar asks that the court not impose the financial restrictions listed in the PSR under special conditions of supervision at ¶4 (not incur new credit charges) and ¶5 (not apply for any loan) on the grounds that those are not reasonably necessary to achieve the purposes of sentencing.  The prosecution and Mr. Kjar have agreed that he will pay $3,000.00 in restitution.  He asks that he be allowed to make payments toward that obligation at the rate of $200.00 a month.

     Mr. Kjar also asks that the court not impose the special conditions of supervision prohibiting him from occupying (to the extent that the word "occupy" means to be in or on, as opposed to take and hold possession), or camping on, federal land (PSR special condition ¶¶ 7 and 8).  Mr. Kjar lives in Utah where the federal government administers 64.9% of the land in the state.  He enjoys recreation on public lands in Utah and elsewhere in the West, and he often works in remote locations on oil rigs and mining claims.  This condition would exclude him from 84.9% of Nevada, 61.6% of Idaho, 52.9% of Oregon, 48.1% of Wyoming, 45.8% of California, and more than a quarter of Washington.  Federal Land Ownership:  Overview and Data, Table 1 at p. 4

PAGE 3 – DEFENDANT WESLEY KJAR'S SENTENCING MEMORANDUM
h:\kjar, wesley - 1285\sentencing memo.docx   11/15/2017

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com

(Congressional Research Service, Dec. 29, 2014) (available at https://www.fas.org/sgp/crs/misc/R42346.pdf).  By his conduct in voluntarily leaving the occupation after only five days, and actively seeking to bring it to a peaceful end, Mr. Kjar has demonstrated that he does not pose a threat to federal property.  This condition is not reasonably related to the goals of sentencing.  To the extent it might be viewed as such, it is a greater deprivation than is reasonably necessary.

## VI.  REASONS WHY THE RECOMMENDED SENTENCE FULFILLS THE PURPOSES OF CRIMINAL SENTENCING.

Mr. Kjar became involved in the MNWR occupation out of curiosity.  He soon realized his mistake and left.  He is one of the least involved defendants in the case, he never damaged any property, and he actively sought to bring the occupation to a peaceful end.  He has been completely compliant with the terms of his pretrial release, and gainfully employed, since being released from custody on March 4, 2016 after spending 23 days in custody.  Giving credit for his custody time against the PSR's recommended home detention at a rate of 6 to 1 is justified by the greater severity of custody as compared to home detention, and warrants reducing the recommended 6 months of home detention the PSR recommends to 2 months.

A sentence of 3 years of probation with two months of home detention, and restitution of $3,000.00, takes into account the guideline range and sentencing options established by the advisory guidelines.  It also takes into account the nature and circumstances of the offense and the history and characteristics of Mr. Kjar, and it is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and the needed correctional treatment.

JAMES F. HALLEY, P.C.
/s James F. Halley
James F. Halley, OSB #91-175
Attorney for Wesley Kjar

PAGE 4 – DEFENDANT WESLEY KJAR'S SENTENCING MEMORANDUM
h:\kjar, wesley - 1285\sentencing memo.docx  11/15/2017

James F. Halley, P.C.
Attorney At Law
The Strowbridge Bldg. ● 735 S.W. First Ave., 2d. Floor
Portland, OR 97204-3326
Tel: (503) 295-0301 Fax: (503) 228-6551
jimhalley@halleylaw.com